H. A. DUNHAM, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9881.   Promulgated September 27, 1928.

*Alfred S. Barnard, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

584

Murdock: The petitioner complains of respondent's refusal to compute his income from installment sales for 1919, 1920, and 1921, in accordance with the installment sales method prescribed by subdivision (d) of section 212 of the Revenue Act of 1926.

The petitioner regularly sold personal property on the installment plan in 1919, 1920, and 1921, and he is entitled, therefore, to have his

income from installment sales determined in accordance with the provisions of section 212(d) of the Revenue Act of 1926, for those provisions of the statute are made applicable by section 1208 of the same Act in computing net income of the years in controversy. *L. S. Weeks Co.*, 6 B. T. A. 300; *Blum's, Incorporated*, 7 B. T. A. 737; *Warren Reilly*, 7 B. T. A. 1327; *Redlick-Newman Co.*, 8 B. T. A. 719; *Mrs. C. H. Robinson*, 8 B. T. A. 972.

The petitioner filed original returns for 1919, 1920, and 1921, in which net income was computed in accordance with the accounting method employed in keeping his books. Under that method he accounted for all sales, whether made for cash, on open account, or on the deferred payment plan, as income of the years in which such sales were made. Later he sought to file amended returns for those years in which net income purported to be computed in accordance with the installment sales method. From these facts it is apparent that the petitioner is not entitled to the benefits of section 705 of the Revenue Act of 1928, since the change to the installment basis of reporting income was not made by an original return filed prior to February 26, 1926. Therefore, if the net income is to be computed on the installment basis, it must be computed in strict accord with the provisions of section 212(d) of the Revenue Act of 1926.

In *Blum's, Incorporated, supra*, we held, in construing the provisions of section 212 (d) of the Revenue Act of 1926, that a taxpayer who changes to the installment basis of reporting income must return as income of the year in which the change is made, and of all subsequent years, a proper proportion of all installment payments actually received in those years relating to sales effected in years prior to the change in method, notwithstanding that the entire profits from the sales to which such payments relate were, under the method of returning income then employed, returned and taxed as income of the years in which such sales were effected. This rule applies in computing this petitioner's income from installment sales. To compute the petitioner's income under this rule, we must know what installment payments were received during the taxable years in controversy, the years in which the sales to which such payments relate were made, and the percentage of gross profit on installment sales of each year in which there were sales in respect of which installment payments were received during the taxable years in controversy. For instance, if the petitioner received during the years in controversy installment payments relating to sales made in 1918, it would be necessary, in order to determine what proportion of such payments is income, to know the percentage of gross profit on all installment sales made in 1918; and we must know what that percentage is in respect of the installment sales of any other year as to which there may have been collections during the years in controversy. An

examination of the customers' ledger kept by the petitioner discloses that installment payments were received during 1919, 1920, and 1921, which relate to sales made in prior years. What these payments amount to, the years in which the sales to which such payments relate were made, and the percentages of gross profit on the installment sales of those years, are facts which have not been established, and without them we are not in a position to determine the petitioner's income from installment sales.

Further, the petitioner testified that he was constantly repossessing merchandise from installment purchasers who had defaulted in their payments. To determine the petitioner's net income on the installment basis, it is necessary that we should know all of the facts as to such repossessions, such as the fair market value of the repossessed merchandise and the unrecovered cost of the repossessed merchandise represented in the unpaid balance due from the defaulted purchaser, for upon these must rest the determination as to what deductions the petitioner is entitled to for losses sustained through damage to repossessed merchandise and for bad debts. However, we have no facts upon which to predicate a determination as to the amounts of such deductions which petitioner is properly entitled to.

The petitioner has failed to established facts upon which the Board may determine the correct income and what deficiency, if any, is due. Proof of such facts as are necessary to establish a right to return income from installment sales in accordance with the installment sales method, does not prove error in the respondent's determination of net income which was reached by another method. Cf. *Berkshire Cotton Manufacturing Co.*, 5 B. T. A. 1231. Without proof of the net income on the installment basis, we can not determine the true deficiency and we are not justified in disturbing the respondent's determination. Cf. *Yost Furniture Co.*, 5 B. T. A. 652.

All other issues and matters in controversy have been eliminated by the stipulation of the parties as to proper computations of net income under the method followed by the respondent in the deficiency notice. These computations have been set out in the findings of fact, and accordingly we hold that for 1919, 1920, and 1921 the net income subject to normal tax is $40,499.25, $51,332.04, and $30,492.65, respectively, and the net income subject to surtax is $40,676.95, $51,827.46, and $31,133.53, respectively.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

PHILLIPS: There can be no doubt that the Board may require a taxpayer to establish in the first instance not only that it is entitled to compute its income upon an installment sales basis and that its books are kept in such a manner that its income can be computed on

that basis, but may also require proof of all the accounting factors which enter into the computation of net income. Furthermore, our rules are susceptible of such an interpretation. It seems to me, however, that in imposing such a requirement we unnecessarily burden both the parties and ourselves. If it is once established that there is the right to make the return on an installment sales basis and that the records are sufficient to permit a computation of income on that basis, the computation may ordinarily be made by counsel or accountants for the parties with much less trouble than would be required to establish the necessary facts through the formality which obtains before the Board. If the parties then find that they disagree upon any of the factors entering into the computation, the Board is in a position to set the case down for further hearing to receive the proof necessary to finally settle their differences. While recognizing the disadvantages which necessarily result from a multiplicity of hearings in any case, there are certain types of cases which can best be disposed of by more than one hearing. I am of the belief that such a case as the present one should be disposed of in a manner analagous to that followed in many equity courts where the right to an accounting is first determined and an interlocutory decree issued before any inquiry is made into the details of the accounting.